UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JOSEPH A. MUSA** and
**MARY ANN MUSA**,
    Plaintiffs,

v.                        Case No.: **3:15-cv-861-J-25PDB**

**WELLS FARGO DELAWARE TRUST
COMPANY** and **MORGAN L. WEINSTEIN**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Second Amended Complaint (Dkt. 8) and the Court's February 3, 2016, Show Cause Order (Dkt. 10) requiring Plaintiffs to perfect service on Defendants and file proof thereof.  Upon consideration, the Court finds as follows:

### I. Background

On July 10, 2015, Plaintiffs filed this action naming Wells Fargo Delaware Trust Company (Wells Fargo) and attorney Morgan L. Weinstein as Defendants due to their participation in an action of foreclosure filed against Plaintiffs.  On September 2, 2015, this Court issued an Order dismissing Plaintiffs' Complaint with leave to amend within thirty (30) days.

(Dkt. 5). Plaintiffs filed their First Amended Complaint on September 30, 2015. (Dkt. 6).

On October 8, 2015, this Court issued an Order dismissing Count III of Plaintiffs' First Amended Complaint with prejudice with leave to amend the remaining claims within thirty (30) days. (Dkt. 7). Plaintiffs filed their Second Amended Complaint on November 4, 2015. (Dkt. 8). However, on the same day, Plaintiffs subsequently filed their Notice of Appeal (Dkt. 9)[1] as to the Court's October 8, 2015, Order (Dkt. 7).

On February 3, 2016, upon finding nothing in the record showing that any of the Defendants had been properly served, nor had Plaintiffs even presented the Clerk with a completed summons for signature and seal, this Court issued a Show Cause Order requiring Plaintiffs to perfect service on Defendants and file proof thereof. (Dkt. 10). At that point, more than two hundred (200) days had passed since Plaintiffs

---

[1] Plaintiffs improperly appealed to the United States Court of Appeals for the Federal Circuit. See Notice (Dkt. 9). On February 12, 2016, the U.S. Court of Appeals for the Federal Circuit, transferred Plaintiffs' Appeal to the United States Court of Appeals for the Eleventh Circuit (Dkt. 11) and issued a Mandate on March 21, 2016. (Dkt. 12). Additionally, without waiving his right to service of process, Defendant Weinstein filed a Response (Federal Circuit, Case No. 16-1225, Dkt. 7) arguing that: (1) he had yet to be properly served; (2) the Court lacked subject-matter jurisdiction; and (3) the District Court's Order should be affirmed. Importantly, neither Defendant has filed a pleading in the District Court or otherwise waived service.

2

filed their initial Complaint. (*Id.* at p. 2). Recognizing that Plaintiffs are proceeding *pro se*, the Court's Order provided Plaintiffs with some instruction on perfecting service (*id.* at p. 3-5), and further directed Plaintiffs to websites where they could review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida (*Id.* at p. 5-6). The Order provided Plaintiffs with an additional forty-five (45) days in which to perfect service and file proof thereof and warned Plaintiffs that the "failure to timely respond…may result in the dismissal of this action without further notice from the Court." (*Id.* at p. 6). Plaintiffs failed to respond to this Court's Order. *Id.*

On May 3, 2016, the United States Court of Appeals for the Eleventh Circuit issued an Order *sua sponte* dismissing Plaintiffs' Appeal for lack of jurisdiction. (Dkt. 13). Specifically, the Eleventh Circuit found that Plaintiffs' filing of their Second Amended Complaint within the time allowed rendered this Court's Order (Dkt. 7) not final or appealable. (Eleventh Circuit Order, Dkt. 13).

II. **Analysis**

The filing of a notice of appeal is an event of jurisdictional significance that generally "divests the district court of its control over those aspects of the case involved in the appeal." *Blinco v. Green Tree Servicing, LLC*, 366

3

F.3d 1249, 1252 (11th Cir. 2004). However, a possible exception is where the district court continues the litigation for the purpose of placing the parties on notice of an important collateral issue that will determine whether the case should be litigated at all. *See id.* at 1251. In this case, the Court issued a Show Cause Order informing Plaintiffs that service had not been perfected and required Plaintiffs to perfect service on Defendants and file proof thereof. (Dkt. 10).

The "district court may declare that an appeal is frivolous, and if it is the district court may carry on with the case." *Blinco*, 366 F.3d at 1252. As Plaintiffs filed their Second Amended Complaint within the time allowed by the Court, the Order appealed by Plaintiffs is not final or appealable. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006). Next, as it is well settled that 15 U.S.C. § 1635(f) is a statute of repose with a three (3) year statutory notice to rescind requirement that is not subject to tolling, Plaintiffs' Appeal of the Court's dismissal of its 15 U.S.C. § 1635 Claim constitutes a frivolous appeal. Specifically, as Plaintiffs' First Amended Complaint alleges that they entered into the subject mortgage agreement with First Security Funding, LLC on July 18, 2007 (Dkt. 6, p. 13), and Plaintiffs allege that they did not serve a notice to rescind upon Defendants until May 6, 2015, Plaintiffs' § 1635 Claim is "indisputably

4

meritless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), relies on factual allegations which are "clearly baseless" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and has little or no chance of success *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Consequently, the Court finds that Plaintiffs' Appeal is frivolous.

Although the Court maintained the ability to "carry on with the case" *Blinco*, 366 F.3d at 1252, instead, the only action taken by the Court was "in aid of the appeal." *U.S. v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). Specifically, the record failed to show service on Defendants was had although more than two hundred (200) days had passed since Plaintiffs filed their initial Complaint. Also, as none of the Defendants waived service, the Court lacks personal jurisdiction over Defendants. Therefore, the Court issued a Show Cause Order placing Plaintiffs on notice of the deficiency in an effort to cure the Court's jurisdictional issue.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir.1990). Additionally, "where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir.2003) (citing

*Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir.1982). Further, "unless the objection to personal jurisdiction was waived in a pre-answer motion or other responsive pleading or by general appearance," the court lacks personal jurisdiction over the defendant. *Kabbaj v. Obama*, 568 Fed. Appx' 875, 881 (11th Cir. 2014) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1299-1300).

Fed. R. Civ. P. Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Vanwinkle and Company, Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Further, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll County Commissioners, et al.*, 476 F.3d 1277 (11th Cir. 2007); *Melton v. Wiley*, 262 Fed. App'x 921 (11th Cir. 2008) (affirming the District Court's decision not to extend time to perfect service and dismissal without prejudice where Plaintiff failed to seek an extension of time to perfect service-even after Defendant persisted in arguing his insufficiency defense in multiple motions and Defendant did not attempt to evade service or conceal a defect in service).[2] "Only after

---

[2] Per 11th Cir. Rule 36-1 (2006), unpublished opinions may be cited as persuasive authority.

considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be affected within a specified time." *Lepone-Dempsey v. Carroll County Commissioners, et al.*, 476 F.3d at 1282 (11th Cir. 2007).

Here, Plaintiffs' failure to timely serve the Defendants was not the fault of some outside factor. Plaintiff's predicament is of their own making. *Melton*, 262 Fed. App'x at 924. Specifically, Plaintiffs were first put on notice of their failure to perfect service by Defendant Weinstein's Response (Federal Circuit, Case No. 16-1225, Dkt. 7) arguing that he had yet to be properly served and subsequently by this Court's Show Cause Order (Dkt. 10) issued on February 3, 2016. Further, the Court provided Plaintiffs with an additional forty-five (45) days in which to perfect service and file proof thereof and warned Plaintiffs that the "failure to timely respond…may result in the dismissal of this action without further notice from the Court." (*Id.* at p. 6). Plaintiffs failed to respond to this Court's Order (*id.*) and notwithstanding this Court's instruction on perfecting service, have failed to even begin the process of service by presenting the Clerk with a completed summons for signature and seal. Importantly, Defendants have not attempted to evade service or conceal a defect in service. *Melton*, 262 Fed. App'x at 924 (11th Cir. 2008).

At this point, it has been more than one (1) year since Plaintiffs initially filed this action and more than two hundred and ninety-five (295) days since Plaintiffs filed their Second Amended Complaint. However, Plaintiffs have yet to perfect service pursuant to Fed. R. Civ. P. Rule 4, have not shown "good cause" for failing to timely serve Defendants and no factors exist that warrant an extension of time for Plaintiffs to perfect service.[3] *Lepone-Dempsey*, 476 F.3d at 1282 (11th Cir. 2007). As such, this case is due to be dismissed. *Lepone-Dempsey*, 476 F.3d at 1282 (11th Cir. 2007); *Melton v. Wiley*, 262 Fed. App'x 921 (11th Cir. 2008).

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED** for failure to perfect service.

2. The Clerk is directed to close this case.

**DONE AND ORDERED** this 24th day of August, 2016.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record
　　　　　*Pro se* Plaintiffs

---

[3] Notwithstanding the Court having provided instructions to Plaintiffs regarding utilizing "numbered paragraphs" such that their Complaint complies with the Federal Rules of Civil Procedure on three occasions, Plaintiffs' Second Amended Complaint fails to include "numbered paragraphs." (*See* Dkts. 3, 5 and 7).